

CJ-2020-3644
Ogden

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG - 5 2020

RICK WARREN
COURT CLERK
36

GREGORY SMITH,
an individual

Plaintiff,

v.

THE CITY OF DEL-CITY,
a municipal corporation

Defendant.

Case No. CJ-2020-3644

**PETITION**

The Plaintiff, Gregory Smith, for his claim for injunctive relief, declaratory Judgment relief, and money damages against the City of Del-City, a municipal corporation, states the following:

**JURISDICTION AND VENUE**

1. Plaintiff is an individual residing in Oklahoma County, Oklahoma as the property owner.

2. Defendant is the City of Del-City in the State of Oklahoma; a municipal corporation, and the claims alleged herein arose out of actions within Del-City, Oklahoma County, State of Oklahoma.

3. The claims alleged herein occurred and are continuing in Oklahoma County, Oklahoma and pertain to real property situated in Oklahoma County, State of Oklahoma.

**FACTUAL BACKGROUND**

4. Paragraphs 1 through 3 are incorporated by reference.

5. Plaintiff is, and at all times relevant hereto were, the record owners in fee and in legal possession of the surface estate of the following described real property situated in Oklahoma County, State of Oklahoma: Physical address:

3404 E. Reno, Del City, Oklahoma 73115

Legal Description: Section: NW4 SEC 6 11N 2W 000 000 PT LOT 2 PAGES ADDITION DESCRIBED AS: PT NW 4 SEC 6 11N 2W BEG 1316.8 FT E OF NW/C NW4 TH E 422.1FT S237.3FT W422.1FT N237.3FT TO BEG SUBJ TO ESMTS OF RECORD:

6. The above noted property, since 2/3/2020, has been the personal property of the Plaintiff and has been used has his primary residences since that time.

7. On 7/31/2020 the city notified the Tenants, at the above stated address, that they needed an occupancy certification or that they would be removed from the property for failure to have utilities through the City.

8. The Tenants living in the above noted property have been living in the home since 2014 without issues, with the city's knowledge.

9. In 2014, the Tenants contacted city offices and requested garbage disposal.

10. In 2014, city officials informed the noted Tenants that due to water well usage at that location, city trash was not available.

11. Since that time in 2014, the property has been sold and purchased by the Plaintiff, purchased in February 2020.

12. The Plaintiff also purchased a location, a commercial building located at 3400 East Reno, Del City, Oklahoma 73115, next door to the home located at 3404 East Reno, Del City, Oklahoma 73115.

13. The City and the Plaintiff have been in a continuous conflict over the use of the building.

14. The plaintiff believes that the harassment of his Tenants is due to the disagreement over the commercial property and that the city is tortuously interfering with a business relationship.

15. The Defendant is conducting their actions under an ordinance passed by the Defendant during the year of 2004, (The Property Maintenance Code) and not under any Oklahoma Building Codes or State Statute concerning building codes or condemnation processes.

16. Moreover, the Property Maintenance Code the Defendant operates under directly contradicts State Statute, along with Federal and State Constitutional Due Process Requirements.

17. The Defendant is attempting to trespass the Plaintiff home, and illegaly search of the Plaintiff's property, and in violation of the Tenant's Constitutional and Civil rights.

18. The Defendant received a tort notice on August 5th, 2020. The Plaintiff has fully complied with the Oklahoma Governmental Tort Claims Act, Plaintiff reserves the right to amend Petition.

**FIRST CLAIM FOR RELIEF - PROHIBITORY INJUNCTION**

19. Plaintiff request that Defendant be enjoined from enforcing the Municipal Ordnances under which they have determined the property in questions to be in violation. Additionally, Plaintiff request defendant be ordered not to trespass onto plaintiff's property for any reason, unless there is a legitimate public interest that can be shown to the Court. Additionally, the Plaintiff asks the Court to Order Defendant enjoined from any proceedings regarding condemnation of above note property. the Plaintiff ask the Court to Order Defendant enjoined from any criminal prosecution against the Plaintiff due to the fact that the treat of criminal prosecution under an invalid ordinance, and that if the Defendant is allowed to proceed, the Defendant will continue to destroy property rights and inflict irreparable injury to the Plaintiff's property interests, as well as her personal representation.

**SECOND CLAIM FOR RELIEF –DECLARATORY JUDGMENT**

20. That in accordance with Title 12 O.S. Section 1653 and under said statutory cause of action the Plaintiff challenges the Defendant Ordnance upon it validity and that the application of said ordnance to the Plaintiff property located at 3404 E. Reno, Del City, Oklahoma 73115. Additionally, as noted below Defendant violated Plaintiff's Constitutional rights, both State and Federal, due process rights; procedural and substantive. Moreover, Defendant ordnance is contrary to State law as applied to the Plaintiff's property located at 3404 E. Reno, Del City, Oklahoma 73115, Oklahoma and stated plead as follows,

**THIRD CLAIM FOR RELIEF –DENIAL OF DUE PROCESS OF LAW**

21. Under Article 2 of the Oklahoma Constitution, Bill of Rights, "No person shall be deprived of life, liberty, or Property, without due process of law." Additionally, under 11 O.S. §22-112, (A)(1)(2) Oklahoma Law provides that "at least ten (10) days' notice that a building is to be torn down or removed shall be given to the owner of the property before the governing body holds a hearing .... In addition, a copy of the notice shall be sent by mail to the property owner..." Additionally, "A hearing shall be held by the governing body to determine if the property is dilapidated and has become detrimental to the health, safety, or welfare of the general public and the community, or if the property creates a fire hazard which is dangerous to other property. Additionally, 11 O.S. §22-112 (C), states the following: a "Dilapidated building" means: a. a structure which through neglect or injury lacks necessary repairs or otherwise is in a state of decay or partial ruin to such an extent that the structure is a hazard to the health, safety, or welfare of the

general public, b. a structure which is unfit for human occupancy due to the lack of necessary repairs and is considered uninhabitable or is a hazard to the health, safety, and welfare of the general public, c. a structure which is determined by the municipal governing body or administrative officer of the mu nicipal governing body to be an unsecured building, as defined by Section 22-112.1 of this title, more than three times within any twelve-month period, d. a structure which has been boarded and secured, as defined by Section 22-112.1 of this title, for more than eighteen (18) consecutive months, or e. a structure declared by the municipal governing body to constitute a public nuisance; … Plaintiff asserts that Defendant can provide no evidence to show that they have met any of the requirements to condemn the Plaintiff's property under the above noted State law or that they have met the above noted due process requirements. Plaintiff requests the maximum money damages allowable under the Oklahoma Governmental Tort Claims Act, along with attorney fees, and any other relief allowable under Oklahoma law.

**FORTH CLAIM FOR RELIEF – THE DEFENDANTS ACTIONS CREATED AN INCONVENIENCE, ANNOYANCE, AND DISCOMFORT TO THE PLAINTIFF**

***(IN TORT CLAIM SEPARATE FROM OTHER)***

22. The Defendant's interference with the Plaintiff's possessory interest in the land created an inconvenience, annoyance, and discomfort and as such the Plaintiff is entitled to damages. Damages for inconvenience, annoyance, and discomfort arising out of a nuisance claim are not damages for any loss of property, but are damages for any other loss under Okla. Stat. tit. 51, § 154. In addition to the Defendant interfering with the Plaintiff quite enjoyment of his property. Plaintiff requests the maximum money damages allowable under the Oklahoma Governmental Tort Claims Act, along with attorney fees, and any other relief allowable under Oklahoma law.

**FITH CLAIM FOR RELIEF – VIOLATION OF 42 U.S.C. § 1983**

23. Under 42 U.S.C. § 1983 the municipal ordinance currently being enforced by the Defendant is unconstitutional and violates multiple section of the United States Constitution and other Federal Regulation.

24. Additionally under 42 U.S.C. § 1983, the Defendant implements or executes a ordinance, or regulation, or decisions which directly deprive the Plaintiff of Constitutionally protected rights and these actions have been officially adopted or promulgated by those whose

edicts or acts to represent official policy; municipal employees. The Defendant seem to target minorities when using these strongarm tactics.

25. Plaintiff requests the maximum money damages allowable under the Oklahoma Governmental Tort Claims Act, and outside the Governmental Tort Claims Act, along with attorney fees, and any other relief allowable under Oklahoma law.

**SIXTHS CLAIM FOR RELIEF – ILLEGAL SEARCH AND SEIZURES**

26. Under Section Article 2 section 30 of the Oklahoma Constitution Unreasonable Searches or Seizures are prohibited. The Defendant coursed and forcing under economic duress and treat of criminal prosecution Plaintiff to submit to a search of the private property noted above.

27. Plaintiff requests the maximum money damages allowable under the Oklahoma Governmental Tort Claims Act, along with attorney fees, and any other relief allowable under Oklahoma law.

**SEVENTHS CLAIM FOR RELIEF – INTERFERENCE WITH A BUSINESS RELATIONSHIP**

28. Defendant has interfered with Plaintiff business relationship and has made it impossible for Plaintiff to continue his contractual relationship with the individual living in the property or to contract with another. As such, Plaintiff is entitled to damages for lost revenue as well as expenses for upkeep on the property since the time the Defendant refused to provide utilities to the property.

29. Plaintiff requests the maximum money damages allowable under the Oklahoma Governmental Tort Claims Act, along with attorney fees, and any other relief allowable under Oklahoma law.

**EIGHTS CLAIM FOR RELIEF – ATTORNEY FEES**

30. Plaintiff request reasonable attorney fees and costs has provided for under Oklahoma law.

31. Paragraphs 1 through 30 are incorporated by reference.

WHEREFORE, Plaintiffs pray for judgment against Defendants, for costs and attorneys' fees, an order granting injunctive relief, all the above causes of action, and such other relief as the Court may deem proper.

Respectfully Submitted:

Phillip Scott Spratt
The Spratt Law Firm PLLC
333 NW 5th St, Suite 415
Oklahoma City, OK. 73102
(405) 701-3033 (Office)
(405) 600-7351 (Fax)
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

This is to certify that on this 5th day of August 2020, a true and correct copy of the above and foregoing Amended Petition was faxed at 405-671-2898 to the following:

Beverly Palmer
3701 SE 15th St
Del City, OK 73115
Oklahoma County
Attorney for the Defendant

Phillip Scott Spratt